# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

August 17, 2022

**Before**[*]

DIANE P. WOOD, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 21-2099

| | |
|---|---|
| MATHUSALA MENGHISTAB, <br> *Petitioner*, | Petition for Review of an Order of the <br> Board of Immigration Appeals. |
| *v.* | No. A026-649-212 |
| MERRICK B. GARLAND, Attorney <br> General of the United States, <br> *Respondent*. | |

**O R D E R**

In our decision of June 21, 2022, we granted Petitioner Mathusala Menghistab's petition for review of the Board of Immigration Appeals' denial of his motion to reopen his application for deferral of removal under the Convention against Torture. See *Menghistab v. Garland*, No. 21-2099, 37 F.4th 1240 (7th Cir. 2022). We found that the

---

[*] Circuit Judge Kanne was a member of the original panel, but he died on June 16, 2022, and did not participate in the resolution of this Petition for Rehearing, which is being decided under 28 U.S.C. § 46(d) by a quorum of the panel.

Board had abused its discretion by resolving Menghistab's petition on an inadequate record, and so we issued an opinion ordering the Board to address this gap.

The government has now moved for rehearing, not because it is challenging the decision to grant the petition and order further proceedings, but because it objects to language in the opinion that implies that the Board itself should conduct the necessary evidentiary hearing. The Board, it points out, is exclusively an administrative appellate body and is not the entity that is responsible for factfinding. It therefore asks us to clarify the relief that should accompany the grant of the petition for review.

We find the government's points to be well taken, and so we amend our opinion as follows:

*First*, on page 2, lines 2–5, of the slip opinion, we delete the word "discretionary." That sentence now reads as follows:

> Because of his rape conviction and resulting sentence, Menghistab was barred from most forms of relief, including asylum, withholding of removal, and waiver of removability.

*Second*, on page 9, lines 1–4, of the slip opinion, we add the words "remand to an Immigration Judge to" between the words "not" and "conduct." That sentence now reads:

> The Board did not remand to an Immigration Judge to conduct a new evidentiary hearing, relying instead on the evidence already in the record as well as that submitted by Menghistab with his motion to reopen.

*Finally*, the final two paragraphs of the slip opinion, page 16, are stricken, and they are replaced with the following:

> The petition for review is GRANTED and the Board's order denying Menghistab's motion to reopen is VACATED. The case is REMANDED to the Board of Immigration Appeals, which must in turn remand the case to an Immigration Judge for purposes of an evidentiary hearing that addresses (1) whether Ethiopia is likely to consider Menghistab to be one of its own citizens, or instead a citizen of Eritrea; (2) whether changed conditions in Ethiopia are material to the risk that Menghistab will be tortured if removed; and (3) whether changed conditions in Eritrea are material to

the risk that Menghistab will be tortured if removed. Any further proceedings will depend on the outcome of that hearing.

In all other respects, we DENY the government's petition for rehearing.

*It is so ordered.*